DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Ottawa County Court of Common Pleas wherein appellant, Kevin Lamont Stuart, was convicted of trafficking in cocaine and failure to appear. Because we find no abuse of discretion, we affirm the judgment of the trial court.
 {¶ 2} The facts giving rise to this appeal are as follows. On August 6, 1998, appellant was indicted and charged in an 11 count indictment, plus a forfeiture specification, under which all of the offenses charged were drug related (case No. 98-CR-107). Appellant entered a plea of not guilty to those offenses and was released on a cash/surety bond. Subsequently, appellant failed to appear for the July 13, 1999 trial of those charges and the lower court issued a bench warrant for his arrest. In addition, on July 23, 1999, appellant was indicted and charged with one count of failure to appear (case No. 99-CR-139). Appellant was ultimately arrested on February 1, 2001, and thereafter entered a plea of not guilty to the failure to appear charge.
 {¶ 3} On April 3, 2001, appellant withdrew his former not guilty pleas and entered pleas of guilty to one count of trafficking in crack cocaine in an amount greater than 10 grams but less than 25 grams in case No. 98-CR-107, and to one count of failure to appear in case No. 99-CR-139. In exchange for the guilty pleas, the state dismissed the remaining ten counts of the indictment in case No. 98-CR-107 as well as the forfeiture specification in that case. Subsequently, the court called the matter for a sentencing hearing at which appellant and his mother made statements to the court. In addition, the court considered a presentence investigation report. The court then sentenced appellant to seven years in prison on the trafficking conviction and four years in prison on the failure to appear conviction. The court also ordered the sentences to be served consecutively, for a total of 11 years imprisonment.
 {¶ 4} Appellant timely appealed his conviction to this court. On June 28, 2002, this court found that the trial court had erred in sentencing appellant. Appellant's sentences were ordered vacated and his case was remanded for resentencing. State v. Stuart, 6th Dist. Nos. OT-01-025 and OT-01-029, 2002-Ohio-3427.
 {¶ 5} On September 13, 2002, appellant filed a motion to withdraw his guilty pleas arguing prosecutorial misconduct and ineffective assistance of counsel. The trial court denied appellant's motion. A resentencing hearing was held on February 6, 2003. Appellant was sentenced to seven years in prison for trafficking and 18 months for failing to appear. Appellant now appeals setting forth the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant in failing to grant his motion to withdraw his guilty pleas wherein he filed his motion prior to his (Re) sentencing as mandated by the court of appeals and further to correct a manifest injustice after his prior sentencing (which was vacated by the court of appeals), but prior to his re-sentencing as ordered and remanded by the court of appeals based on an earlier error by the trial court in sentencing the defendant-appellant."
 {¶ 7} Appellant contends that the trial court erred in denying his "motion to withdraw guilty pleas" filed on remand prior to his resentencing.
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" Crim.R. 32(1). Motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, but the right to withdraw a plea is not absolute. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In making its determination, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus.
 {¶ 9} Appellant moved to withdraw his guilty pleas on the basis of prosecutorial misconduct and ineffective assistance of counsel. With regard to the prosecutorial misconduct allegation, appellant alleged that the state withheld exculpatory evidence. Specifically, appellant contended that the state deliberately allowed the Ottawa County Drug Task Force to destroy the audio tape recordings of the undercover drug operation which led to appellant's arrest. The destruction prevented appellant, among other things, from learning the identity of the confidential informers involved in his case. As to his allegation of ineffective assistance of counsel, appellant contends that his counsel failed to file several crucial motions and that he failed to incorporate the Ottawa County Common Pleas Court cases of State v. Gilmer (Case No. 99-CR-090) and In Re: Robby Lee Adkins (Case No. 00-CVH-116) into appellant's defense. In Gilmer and Adkins, the court found that the defendant's constitutional rights had been violated when the Ottawa County Drug Task Force destroyed the audiotapes of the undercover drug operations which led to the arrests of Gilmer and Adkins.
 {¶ 10} A hearing was held on appellant's motion. The court denied the motion noting the differences between the appellant's case and the Gilmer and Adkins cases.
 {¶ 11} "[D]efendant relates to two prior criminal cases involving defendants Gilmer and Adkins and the fact that those cases were dismissed due to prosecutorial misconduct, including the failure to disclose a snitch with a conviction. First of all, the snitch with a conviction has nothing to do with Mr. Stuart's case. Secondly, * * * the Gilmer case was dismissed April 24, 2000. The Adkins case was dismissed on a post-conviction remedy October 11, 2000. The court made extensive findings in those two dismissals. All that material was a matter of public record. It was greatly discussed in the community and it should have been no secret at all to Mr. Stuart when he changed his plea April 6, 2001, when he was sentenced June 11, 2001, and when he filed his appeal July 5, 2001. None of these things that pertain in the matter of the Gilmer and Adkins were alleged at the time of plea change, were alleged at the time of sentencing or were set forth in the defendant's appeal. Further, the [failure to appear] case for which Mr. Stuart received a four-year prison sentence has nothing to do with his motion for leave to withdraw his guilty plea."
 {¶ 12} Addressing appellant's ineffective assistance of counsel claim, the trial court noted that appellant was originally indicted for 11 counts which included two first degree felonies, a second degree felony, two third degree felonies, two fourth degree felonies and a felony of the fifth degree. The fact that appellant ultimately entered one plea to a second degree felony was, in the judge's opinion, an example of "excellent defense work."
 {¶ 13} Based on the foregoing, we conclude that the record shows the trial court gave full and fair consideration to appellant's withdrawal of plea request and we find that the court did not abuse its discretion in denying appellant's motion. Appellant's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Common Pleas Court is affirmed. Costs assessed to appellant.
Judgment Affirmed.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer, J., concur.