JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Thomas Nicholson, appeals the trial court's failure to hold a hearing on his motion to withdraw his guilty plea. Defendant was indicted on sixteen counts, which included rape, aggravated robbery, and aggravated burglary with firearm specifications. Just prior to his scheduled trial, defendant pleaded guilty to two counts of rape with a firearm, one count of kidnapping with a firearm, and two counts of aggravated robbery with firearm specifications.
 {¶ 2} On the day of his sentencing hearing, defendant's counsel informed the court that defendant wished to withdraw his plea. He also orally requested a one-week continuance to file a formal motion to withdraw the plea. The court's oral response was merely, "[m]otion to withdraw the plea is denied." Tr. at 11. The court then proceeded with the sentencing hearing.
 {¶ 3} This court granted defendant's motion to file a delayed appeal. Defendant presents two assignments of error. The first assignment of error states:
"I. The trial court prejudicially erred when it refused to hold a hearing concerning the appellant's request to withdraw his plea of guilty."
 {¶ 4} Defendant argues that the trial court's failure to hold a hearing on his motion to withdraw his guilty plea was reversible error. We agree.
 {¶ 5} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "[A]n appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." State v. Peterseim (1980),68 Ohio App.2d 211, 213. An abuse of discretion involves more than just an error of law or fact; it requires that the trial court's decision be arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 6} The trial court, however, must hold a hearing before it denies a motion to withdraw a plea. As the Ohio Supreme Court noted, "a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." State v. Xie
(1992), 62 Ohio St.3d 521, 527. See, also, Peterseim, supra.
 {¶ 7} Here, the trial court failed to provide any sort of hearing before it denied defendant's motion to withdraw his guilty plea. The state argues that the court did engage in some discussion of defendant's request. That discussion occurred, however, after the court denied his motion and just prior to the imposition of sentence. The discussion, moreover, consisted merely of defendant claiming that although he participated in the crime he was forced against his will and the court responding that defendant's claim "defies all logic."
 {¶ 8} First, we note that a defendant's motion to withdraw a guilty plea need not be written. State v. Bowling (Mar. 10, 1987), Montgomery App. No. 9925. Defendant's oral motion on the day of the sentencing hearing was, therefore, adequate.
 {¶ 9} Further, this court has previously held that a discussion of defendant's reasons for moving to withdraw his plea is not adequate to fulfill the requirement of a complete and impartial hearing on the motion, when that discussion is heldafter the court has denied the motion. State v. Curtis (Apr. 11, 1985), Cuyahoga App. No. 48635. As in Curtis, the record here does not reflect "that the court gave full and fair consideration to the plea withdrawal request." Peterseim at paragraph three of the syllabus. See, also, State v. Alls (Dec. 21, 1984), Trumbull App. No. 3313.
 {¶ 10} We cannot assume that comments that either counsel or defendant makes after the denial of a motion to withdraw a plea, offer a complete reason for withdrawing a plea. When such comments are squeezed between other matters, one would expect parties to sense implicit limitations and speak briefly, stating only the barest minimum of points, perhaps forgoing others, and certainly leaving matters undeveloped. Thus there is no guarantee that the defense had a reasonable opportunity to present the case for withdrawing a plea when that opportunity was a brief discussion wedged between the victim speaking and immediately before sentencing, but not before his motion was denied.
 {¶ 11} This court and others have repeatedly held that the trial court must hold a hearing on a presentence motion to withdraw a guilty plea. State v. Hartman (Mar. 8, 2001), Cuyahoga App. No. 76851; State v. Cardinale (Sept. 22, 1994), Cuyahoga App. Nos. 65704 and 65705; State v. Williams (Jan 20, 1994), Cuyahoga App. No. 63652; State v. Rogers, Muskingum App. No. CT2002-0035, 2003-Ohio-1650. The court in the case at bar failed to hold a hearing. This assignment of error, therefore, has merit.
 {¶ 12} The court's denial of defendant's motion to withdraw his plea is vacated, and this case is reversed and remanded for a hearing on this motion. Because the first assignment of error is dispositive of the case, the second assignment of error is moot.[1]
 {¶ 13} This cause is reversed.
Blackmon, P.J., and Dyke, J., concur.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Defendant's second assignment of error states: II. Failing to Appeal the trial court's refusal to hold a hearing concerning the motion to withdraw a guilty plea constitutes ineffective assistance of counsel.