JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant John Lightening ("Lightening") appeals the decision of the Cuyahoga County Court of Common Pleas which denied his motion to withdraw his guilty plea and related motions. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On May 13, 1993, Lightening was indicted for one count of felonious assault with two violence specifications; two counts of aggravated arson; one count of kidnapping; and one count of attempted murder. On July 6, 1993, Lightening entered a plea of guilty to one count of aggravated arson in violation of R.C.2909.02 and the remaining counts were nolled. Lightening was sentenced to eight to twenty-five years in prison.
 {¶ 3} In September 1995, Lightening filed a motion for shock probation, and it was granted in November releasing Lightening into the community with restrictions. On November 25, 1996, a capias was issued for Lightening, and on December 23, 1996, he was found to be a probation violator and returned to prison to serve his previously ordered sentence.
 {¶ 4} On April 29, 2003, Lightening filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, and a motion to enter additional evidence. The court denied both motions finding that "The defendant/petitioner has failed to prove the grounds for relief and has failed to proffer sufficient evidence to warrant a hearing on his motion and supporting affidavits. The exhibits and misreading of case law compels the court to deny this motion as it is clearly a misnomer. The court may not entertain any such motion." Lightening timely appeals this decision of the trial court and advances three assignments of error for our review.
 {¶ 5} "I. The decision of the common pleas court to refuse to declare the defendant's due process rights was violated when his plea agreement is breached by the Ohio Adult Parole Authority use of his original indictment but not conviction is contrary to law and contrary to the evidence."
 {¶ 6} It seems that Lightening is arguing that the trial court should have allowed him to withdraw his guilty plea because the Ohio Adult Parole Authority ("APA") allegedly breached his plea agreement with the state thereby creating a manifest injustice.
 {¶ 7} Appellate review of an order denying a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. See State v.Smith, (1977), 49 Ohio St.2d 261, syllabus at paragraph 2. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 8} After a defendant has been sentenced, a court may permit withdrawal of a plea under Crim.R. 32.1 only to correct a manifest injustice. State v. Caraballo (1985),17 Ohio St.3d 66, 67. The defendant has the burden of establishing that an injustice occurred. State v. Smith, supra, syllabus at paragraph one.
 {¶ 9} The court need not hold an evidentiary hearing on the motion when the facts alleged by the defendant, even if accepted as true, would not require withdrawal of the plea. State v.Wynn (1998), 131 Ohio App.3d 725; State v. Nathon (1995),99 Ohio App.3d 722. Nor is an evidentiary hearing required when the record, on its face, conclusively and irrefutably contradicts the allegations asserted in support of the motion. State v. Legree
(1988), 61 Ohio App.3d 568.
 {¶ 10} In the case before us, Lightening alleges that the APA incorrectly scored him under offense category ten, when he should have been rated no greater than an eight. Lightening claims that the APA wrongly took into consideration an offense with which he was originally charged, kidnapping, to catagorize him as a ten, thereby violating his due process rights and breaching his plea agreement with the state.
 {¶ 11} First, we note that appellant pled guilty to aggravated arson, and pursuant to Section 301 of the Parole Board Guidelines, this offense may be scored as high as a ten, not an eight as appellant suggested. Moreover, the APA is instructed in its guidelines to use the greatest applicable category when scoring.
 {¶ 12} Second, in Layne v. Ohio Adult Parole Auth. (2002),97 Ohio St.3d 456, the Ohio Supreme Court held that "in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. We further emphasize, * * * that the APA, when considering an inmate for parole, still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant." Id. citing Hemphill v. Ohio Adult Parole Auth.
(1991), 61 Ohio St.3d 385, 386. Therefore, the offense for which appellant was convicted is only the starting point and the APA may depart upwards or downwards using its discretion.
 {¶ 13} Finally, Lightening did not attach any documentation of the APA's assessment. Without such documentation, the trial court could not review the APA's evaluation for abuse of discretion and therefore properly denied appellant's motion.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} "II. The decision of the common pleas court to deny defendant's motion in contra is contrary to law and contrary to evidence."
 {¶ 16} "III. The decision of the common pleas court to deny defendant's motion to enter additional evidence is contrary to law and contrary to the evidence."
 {¶ 17} We will address the second and third assignments of error together because they are related. Lightening's assignments of error allege that the trial court erred when it denied both motions; however, in his brief Lightening cites Civ.R. 7 and 14 to argue that the court should have ordered the APA to respond to his complaint that the APA breached his plea agreement with the state by placing him in a higher category than he believes was proper.
 {¶ 18} First, this case is a criminal matter and, therefore, the civil rules of procedure cited by Lightening do not apply. See State v. Bluford, Cuyahoga App. No. 83112, 2003-Ohio-6181. Second, Lightening's motion in contra and motion to enter additional evidence were properly denied because appellant still did not articulate what injustice had occurred to warrant the withdrawal of a guilty plea ten years later. In addition, Lightening's accusation that the APA incorrectly determined that he had committed the crime of kidnapping is unsubstantiated. A review of the APA's assessment attached to Lightening's motion to enter additional evidence clearly indicates that the APA rated Lightening a ten based on the convicted offense of aggravated arson and the fact that the victim was severely injured as a result of his criminal conduct. Therefore, for the reasons stated previously, we find that the trial court properly denied Lightening's motions.
 {¶ 19} Lightening's second and third assignments of error are overruled.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
 McMonagle, P.J., and Rocco, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.