{¶ 50} I respectfully dissent because the record shows that there was a manifest injustice in the trial court's refusal to allow defendant to withdraw his guilty plea and also in failing to hold a hearing so that a full record could be made on this request.
 {¶ 51} The majority concludes "the court advised Ford of the changed conditions on the record prior to the plea" because of an early statement of the court:
 {¶ 52} The record additionally will reflect there have been discussions among counsel with regard to sentencing in the event Mr. Ford's plea were to be forthcoming, those discussions have been inconclusive other than that the court has indicated that it would consider, if sufficient mitigation were produced, minimum term in the criminal docket No. 431940, and that it would, the court would consider on motion the possibility of terminating community controlled sanctions in the other matter.
 {¶ 53} However, the court would want the opportunity to hear from the victim, Miss Ford, prior to making any sentencing decision. So court will confirm for the record those discussions have taken place.
 {¶ 54} Tr. 7-8.
 {¶ 55} From the beginning, however, defendant characterized the "discussions among counsel" as a "deal." When the court asked him whether he understood "what is taking place here and what is being put on the table" and what his intention was, defendant responded: "I guess I go with the deal, I guess."
 {¶ 56} Later when asked whether he was "specifically promised" anything "to get you to plead guilty," defendant clearly stated: "There was an agreement reached as to the twoyears." Tr. 16-17.
 {¶ 57} The court then asked: "Other than what we talked about here today," and defendant responded: "That was it." The court's reference to "what we talked about here today" broadly encompassed ten pages of transcript, the most recent being a discussion of the counts, not the years of his sentence. Nor is the defendant's answer helpful in clarifying what he thought was the agreement, since it is not clear what the antecedent of "that" is when he said, "That was it." Defendant could have been referring to the agreement he just had described as two years.
 {¶ 58} After the sentence of three years was pronounced, however, the defendant said: "That's crazy man, that's crazy, He told me two years, man. He told me two years." The court then dded five years of post-release control, full restitution and anger management, whereupon the defendant declared: "No man, that ain't right. That ain't right. That ain't cool. He lied to me man." He immediately asked to withdraw his plea, reiterating: "It ain't right." Tr. 35.
 {¶ 59} Defense counsel then indicated to the court that the agreement he conveyed to the client when the client decided to accept the plea was clearly that defendant would receive two years. Defense counsel specifically clarified that it was only after that discussion that the court conveyed its intent to hear from the victim:
 {¶ 60} We had conversations in chambers concerning this sentence and the court indicated to me you would give him theminimum of two years. I then had conference with the defendant. * * *At this point he decided to make a change of plea because Itold him that he will get two years when we came out on therecord, and he entered the plea. The Court then indicated on the record that it would consider the two years; however, would like to hear from the victim. That was not conveyed to him by thiscounsel prior to coming out before the plea and prior to enteringthe plea. So I did, based upon my conversation with the Court,advise him that that he would get the minimum of two years. Ihave to put that on the record." (Emphasis added.)
 {¶ 61} Tr. 36.
 {¶ 62} Defense counsel made it quite clear that an agreement of specifically two years was reached in chambers and that was the agreement conveyed to defendant. However, the judge apparently changed his mind and added qualifications at the sentencing hearing. To assume that defendant understood thatsudden addition of qualifications is to ignore the strikinglyclear assertion of defendant before he was sentenced: "Therewas an agreement reached as to the two years." Tr. 17. The timing of this assertion calls into question whether defendant understood additional conditions had been added.
 {¶ 63} Also noteworthy is the admirable perseverance of defense counsel in clarifying on the record that an understanding of an unqualified two years was definitely reached in the judge's chambers and that defendant's guilty plea was based on that understanding.
 {¶ 64} If the court needed to add considerations after that agreement had been reached, then the burden was upon the court to clarify those qualifications specifically as additions to the agreement and then to question defendant as to that specific addition. The court made no attempt, however, to clarifyseparately defendant's understanding of these additions. Rather, the court merely added the conditions and then asked only generally whether he understood "what is being put on the table."
 {¶ 65} Even if, arguendo, one does not believe that the opening discussion is completely undercut by what followed, one must conclude, at the very least, that what followed called into question whether defendant understood what he was pleading guilty to and thus that a hearing on his motion should have been held.[1] There was sufficient evidence on the record to require the judge to hold a hearing to flesh out the matter fully. Anything less is a manifest injustice.
[1] We note that "A defendant's motion to withdraw a guilty plea need not be written." State v. Nicholson, Cuyahoga App. No. 82825, 2004-Ohio-2394, citing State v. Bowling (Mar. 10, 1987), Montgomery App. No. 9925, 1987 Ohio App. LEXIS 6103.