JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Gregory Beckwith, appeals from the judgment of the Common Pleas Court finding him guilty of gross sexual imposition and menacing by stalking and sentencing him to 36 months incarceration. For the reasons that follow, we affirm the conviction but vacate Beckwith's sentence and remand for resentencing.
 {¶ 2} The record reflects that from approximately October 1999 through September 2004, Beckwith stalked the victim, a student and employee of Case Western Reserve University ("CWRU"), as she went to class and her job. On one occasion, Beckwith attempted to grab the victim's breast as she was walking on campus. Although the victim made frequent reports to CWRU Security and University Circle police regarding Beckwith's unwanted advances and stalking, the police were unable to apprehend him until September 20, 2004, when the victim again saw him in the building where she worked.
 {¶ 3} In December 2004, the Grand Jury indicted Beckwith on one count of gross sexual imposition, in violation of R.C.2907.05, and one count of kidnapping, in violation of R.C.2905.01, (both counts relating to the incident in which Beckwith attempted to grab the victim's breast), and one count of menacing by stalking, in violation of R.C. 2903.211.
 {¶ 4} Beckwith subsequently pled guilty to gross sexual imposition and menacing by stalking; the remaining count was dismissed. As a condition of the plea, the parties stipulated that Beckwith would be classified as a sexually oriented offender. The trial court subsequently sentenced him to 18 months incarceration on each count, to be served consecutively.
 MOTION TO WITHDRAW GUILTY PLEA {¶ 5} At the sentencing hearing, defense counsel reviewed Beckwith's attempts to get treatment for his "voyeurism type of problem," and asked that the trial court sentence him to less than the maximum sentence. The trial judge then gave Beckwith an opportunity to speak.
 {¶ 6} Beckwith told the judge that, after the plea hearing, he had filed a pro se motion to withdraw his guilty plea because he had "felt pressured to plea." He insisted that he "did not touch the woman" or "say a word to her or anything" and stated that he wanted to withdraw his plea because "I can't plea to something I didn't do."
 {¶ 7} The trial judge then noted that the presentence investigation report, completed after the plea hearing, stated, "Defendant states he is guilty of the current offense. He reports that he does not know why he committed this offense."
 {¶ 8} When the trial judge asked Beckwith about this discrepancy, he responded that the woman he spoke with in the Probation Department "was pretty unclear with her questions."
 {¶ 9} The trial judge then denied Beckwith's motion. The judge stated that Beckwith had not filed his motion with the court and the judge had learned about the motion only that morning. In addition, the trial judge noted that, in response to his question at the plea hearing regarding whether he had been threatened or promised anything to plead, Beckwith had answered in the negative. The trial judge noted further that prior to his sexual predator evaluation, Beckwith was informed that the evaluation was not confidential. Beckwith indicated that he understood and then told the psychiatrist:
 {¶ 10} "I lived around the area. I cut through campus all the time. I saw her one day and started frequenting the area. I assumed she was a student. One day, I saw her again. I had been smoking weed that day. I followed her to reach out to touch her breast. She hit me before I even touch (sic) her. I took off. I felt really bad, I couldn't even think about it."
 {¶ 11} In addition, the judge noted that, with respect to the menacing by stalking charge, Beckwith told the psychiatrist that "he tried to stay away from the school but kept going back to campus."
 {¶ 12} In his first assignment of error, Beckwith contends that the trial court erred in not holding a hearing regarding his motion to withdraw his guilty plea. In his second assignment of error, Beckwith argues that the trial court erred in denying his motion. We consider these assigned errors together because they are related.
 {¶ 13} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} It is within the trial court's discretion to determine what circumstances justify granting such a motion and unless it is shown that the trial court abused its discretion, the trial court's decision must be affirmed. State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion involves more than just an error of judgment; it must be shown that the trial court's decision was arbitrary, unreasonable, or unconscionable. Id.
 {¶ 15} The trial court must hold a hearing before it denies a presentence motion to withdraw a plea.[1] As the Ohio Supreme Court has stated, "a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie, supra. See, also, State v. Peterseim (1980),68 Ohio App.2d 211; State v. Hartman, Cuyahoga App. No. 76851, 2001-Ohio-4125; State v. Cardinale (Sept. 22, 1994), Cuyahoga App. Nos. 65704 and 65705; State v. Williams (Jan. 20, 1994), Cuyahoga App. No. 63652.
 {¶ 16} The record reflects that the trial court held an adequate hearing regarding Beckwith's motion. The trial court gave Beckwith an ample opportunity to argue why he wanted to withdraw his plea. The trial court also questioned him about his admission to the crimes as noted on the presentence investigation and sexual predator evaluation reports, despite his assertion that he had not committed any crime. On this record, we hold that the trial court gave full and fair consideration to Beckwith's plea withdrawal request.
 {¶ 17} The trial court indicated that one of the reasons it denied Beckwith's motion was that he had not filed his motion with the court. The docket reflects otherwise. Beckwith filed his motion to withdraw his plea on May 5, 2005; the sentencing hearing was not held until May 11, 2005. Moreover, a defendant's motion to withdraw a guilty plea need not be written. State v.Nicholson, Cuyahoga App. No. 82825, 2004-Ohio-2394, at ¶ 8, citing State v. Bowling (Mar. 10, 1987), Montgomery App. No. 9925. An oral motion on the day of sentencing is adequate. Id. Accordingly, the trial court erred in denying Beckwith's motion on this basis.
 {¶ 18} The trial court did not abuse its discretion in denying Beckwith's motion, however. As the trial court indicated, Beckwith's assertion that he felt pressured to plead guilty was contrary to his representations at the plea hearing. Furthermore, his argument that he could not plead guilty to something he did not do was contrary to his admissions to the psychiatrist and the probation officer who interviewed him after his plea. Accordingly, the trial court did not err in denying Beckwith's motion to withdraw his plea.
 {¶ 19} Appellant's first and second assignments of error are overruled.
 ELIGIBILITY FOR COMMUNITY CONTROL SANCTIONS {¶ 20} In his fifth assignment of error, Beckwith argues that the trial court did not comply with Crim.R. 11(C)(2)(a)[2]
during the plea hearing because the judge did not tell him that he was not eligible for community control sanctions before accepting his plea.
 {¶ 21} When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record. State v. Pimental, Cuyahoga App. No. 84034, 2005-Ohio-384, at ¶ 37, citing Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. The appellant has the duty of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignment of error. Id. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Id.; see, also, Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20.
 {¶ 22} Here, the record does not contain a transcript of the plea hearing. We therefore presume the regularity of the proceedings below.
 {¶ 23} Moreover, we note that both offenses to which Beckwith pled guilty are fourth degree felonies and, therefore, eligible for community control sanctions. See R.C. 2929.13(B)(2). Accordingly, the trial court would have erred had it informed Beckwith at the plea hearing that he was ineligible for community control.
 {¶ 24} Appellant's fifth assignment of error is overruled.
 SENTENCING ISSUES {¶ 25} In his third assignment of error, Beckwith argues that the trial court erred in sentencing him to consecutive sentences because it did not make the requisite findings pursuant to R.C.2929.14(E)(4) for imposing consecutive sentences. In his fourth assignment of error, Beckwith argues that his 36-month sentence violates principles announced in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, wherein the United States Supreme Court held that, in light of the Sixth Amendment's right to jury trial, any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury or admitted by the defendant and proved beyond a reasonable doubt. Beckwith contends that the statutory maximum for a fourth degree felony is 18 months and by sentencing him to consecutive sentences, the trial court increased the penalty for his crimes beyond the statutory maximum, in violation of Blakely.
 {¶ 26} When Beckwith was sentenced, R.C. 2929.14(E)(4) governed the imposition of consecutive sentences. It provided that a court could impose consecutive sentences only when it concluded that the sentence was necessary to protect the public from future crime or to punish the offender, not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public, and one of the following applied: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or c) the offender's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime.
 {¶ 27} In State v. Foster ___ Ohio St.3d ___,2006-Ohio-856, the Ohio Supreme Court held that R.C. 2929.14(E) violated the principles announced in Blakely because it required judicial finding of facts not proven to a jury beyond a reasonable doubt. The Supreme Court found R.C. 2929.14(E) unconstitutional, excised it from Senate Bill 2, and ordered that cases on direct review be remanded for resentencing in light of its remedial severance. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra at ¶ 100.
 {¶ 28} Our review of the record in this case indicates that the trial judge made findings, and gave reasons to support those findings, pursuant to R.C. 2929.14(E)(4), before sentencing Beckwith to consecutive sentences.
 {¶ 29} Because Beckwith's sentence was based on an unconstitutional statute, it is deemed void; his sentence is vacated and the matter is remanded to the trial court for resentencing.
 {¶ 30} In light of our resolution of appellant's fourth assignment of error, appellant's third assignment of error is overruled as moot; appellant's fourth assignment of error is sustained.
Conviction affirmed; sentence vacated; remanded for resentencing.
It is ordered that the parties share equally in the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for proceedings consistent with this opinion.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., concur.
[1] The State argues that the trial court need not hold an evidentiary hearing on a motion to withdraw a plea when the facts alleged by the defendant, even if accepted as true, would not require withdrawal of the plea. Although that is a correct statement of the law as applied to post-sentence motions to withdraw a plea, State v. Lightening, Cuyahoga App. No. 83478,2004-Ohio-2391, this court has consistently held that the trial court must hold a hearing on a pre-sentence motion to withdraw a guilty plea. See, e.g., State v. Nicholson, Cuyahoga App. No. 82825, 2004-Ohio-2394, at ¶ 11, and cases cited therein.
[2] Crim.R. 11(C)(2)(a) provides that "in felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."