DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a guilty plea for drug trafficking entered in the Sandusky County Court of Common Pleas. Because we conclude that the trial court acted within its discretion in denying appellant's presentencing motion to withdraw his plea, we affirm.
 {¶ 2} Police caught appellant, Emmanuel C. Heidelburg, in a drug sting operation wherein appellant sold $900 worth of crack cocaine to a confidential informant in a controlled buy. Appellant was indicted on a single count of cocaine trafficking, a first degree felony.
 {¶ 3} Appellant pled not guilty to the original indictment, but, following negotiations with the state, agreed to plead guilty to an amended charge of cocaine trafficking as a third degree felony. Following an appropriate Crim.R. 11 colloquy, the trial court accepted appellant's plea. The court ordered a presentence investigation and granted appellant bond on his own recognizance prior to sentencing. Before the sentencing date, however, appellant was arrested on an unrelated domestic violence charge and the court revoked his bond.
 {¶ 4} At the sentencing hearing, appellant's counsel addressed the court:
 {¶ 5} "Your Honor, as a preliminary matter, may it please the Court, once I arrived here today, Mr. Heidelburg, my client, has indicated to me, and the Court's fully aware of some of the nuances that have been pending and involved in this case, to include the revocation of his bond, I believe two weeks ago or a week ago. He's told me just ten minutes ago that he wishes to withdraw his former plea of guilty to the F-3 charge. I have indicated to him that that is a discretionary decision that lies solely with the Court, and that, yes, the Court must consider that and weigh any viable reasons as to why, but ultimately that rests with the Court. So I would present that to the Court."
 {¶ 6} Following a brief discussion with appellant's counsel, the court accepted the oral motion to withdraw the plea and allowed appellant to explain his reasons:
 {¶ 7} "THE DEFENDANT: Well, from my understanding of the plea, when I took the plea, that I was supposed to be planning to — I was supposed to be working off time considered what I was supposed to be getting sentenced to. And I ain't been given a chance to do that. And that's the only reason why I took the plea agreement in the first place. If I would have known that I wasn't going to get an opportunity to do that then I wouldn't have never pleaded to the Third Degree Felony in the first place."
 {¶ 8} The trial court denied appellant's motion and sentenced him to a four year term of incarceration. From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 9} "1) The trial court prejudicially erred when it failed to hold a hearing concerning the appellant's request to withdraw his plea of guilty."
 {¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.
 {¶ 11} As we noted in State v. Stuart, 6th Dist. No. OT-03-006, 2004-Ohio-275, at ¶ 8:
 {¶ 12} "`* * * Motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, but the right to withdraw a plea is not absolute. State v. Xie
(1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In making its determination, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St. 2d 151, 157. A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.'State v. Peterseim (1980), 68 Ohio App. 2d 211, paragraph three of the syllabus."
 {¶ 13} Citing State v. Nicholson, 8th Dist. No. 8285,2004-Ohio-2394, appellant argues that it is an abuse of discretion to deny a motion to withdraw a guilty plea absent a complete and impartial hearing. This matter is materially the same as Nicholson, appellant insists.
 {¶ 14} Thomas Nicholson was initially named in a 16 count indictment charging rape, aggravated robbery and aggravated burglary with a firearm specification. Following negotiations with the state, Nicholson pled guilty to five counts. At his sentencing, however, Nicholson orally moved to withdraw his plea and requested a continuance to file a formal motion. The court immediately responded, denying the motion and proceeding to sentence. Id. at ¶ 1-2. On appeal, the court, citing State v.Xie (1992), 62 Ohio St.3d 521, 527, found that denial of a hearing was erroneous, vacated the trial court's denial of the motion and remanded the matter for a hearing on the motion. Id. at ¶ 12.
 {¶ 15} In this matter, it cannot be said that there was no hearing. Appellant was allowed to make his motion and explain his reasons for wishing to withdraw his plea. Appellant's counsel was allowed to argue the motion. Appellant did not request a continuance or any other accommodation for preparation. Neither appellant nor his counsel appears to have been denied any opportunity to fairly state his position before the trial court ruled on the oral motion. There is nothing in the record to suggest that the trial court did not give appellant's motion full and fair consideration before finding it not well-taken. In contrast, the trial court in Nicholson, upon which appellant relies, denied the motion before hearing any reasons or arguments.
 {¶ 16} Consequently, we conclude that appellant was afforded a hearing on his motion. Moreover, it does not appear that the court abused its discretion in denying the motion. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. concur.