JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Craig Frazier ("Appellant"), appeals from the trial court's imposition of consecutive sentences. For the reasons set forth below, we vacate Appellant's sentence and remand this matter to the trial court for resentencing.
 {¶ 2} On February 22, 2005, the Cuyahoga County Grand Jury indicted Appellant on three counts of rape, in violation of R.C.2907.02, and three counts of kidnaping, in violation of R.C.2905.01. Appellant pleaded not guilty on all counts.
 {¶ 3} On April 27, 2005, Appellant withdrew his formerly entered pleas of not guilty and pleaded guilty to three amended counts of sexual battery, in violation of R.C. 2907.03. Appellant also stipulated that he is a sexual predator for classification purposes.
 {¶ 4} On June 21, 2005, the trial court sentenced Appellant to four years for each of the amended counts with all sentences to be served consecutively. Appellant now appeals his sentence and submits one assignment of error for our review. Appellant's sole assignment states:
 {¶ 5} "The trial court erred in sentencing Mr. Frazier without making the mandatory findings required under Ohio's sentencing Guidelines and Blakely."
 {¶ 6} Within this assignment, Appellant contends that his sentence violates principles promulgated in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, in that the findings used to impose Appellant's consecutive sentences, as required by R.C. 2929.14(E)(4), must be found by a jury beyond a reasonable doubt. In light of the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, we agree with Appellant.
 {¶ 7} In Foster, the Supreme Court of Ohio found that four provisions of S.B. 2 violate the constitutional principles announced in Blakely. With regard to consecutive sentences, the court specifically held: "Because R.C. 2929.14(E)(4) and2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional." Therefore, the court severed R.C. 2929.14(E)(4) from S.B. 2 and ordered that cases on direct review be remanded for resentencing. The court explained that during resentencing, the trial court has full discretion and is no longer mandated to make findings or iterate reasons for imposing consecutive sentences. The court further provided the following instructions to the courts:
 {¶ 8} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts will consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 9} In the instant matter, the trial court sentenced Appellant to consecutive sentences after making findings and proffering reasons to support those findings pursuant to R.C.2929.14(E)(4). As the Foster court severed this statute, the trial court's reliance upon the statute to impose consecutive sentences renders Appellant's sentence void. See State v.Beckwith, Cuyahoga App. No. 86519, 2006-Ohio-1571. Accordingly, we vacate and remand the matter to the trial court for a sentencing hearing consistent with Foster.
Sentence vacated and remanded.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Corrigan, J., concur.