DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas. Appellant, Mychal D. Scott, appeals the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 2} Appellant was originally indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of aggravated robbery, a violation of R.C. 2903.11(A)(2), a felony of the first degree; and one count of robbery, a felony of the second degree. Each count carried a firearm specification.
 {¶ 3} On October 21, 2005, appellant entered, pursuant to a plea agreement, a plea of guilty to robbery, a felony of the second degree, with a firearm specification. Prior to accepting the plea, the common pleas judge engaged in the mandated Crim.R. 11 colloquy in order to determine whether appellant's plea was voluntary, knowing, and intelligent. The court further informed appellant of the constitutional and statutory rights he was waiving, and offered appellant the right to state the facts of this cause.
 {¶ 4} However, appellant, through his attorney, agreed to a statement of the facts, as made by appellee, the state of Ohio. That statement reveals that during the course of a robbery, appellant struck an individual in the head with his firearm while his co-defendant was collecting money from the other patrons in a restaurant. Appellant subsequently threw the gun in a river, but it was later recovered by law enforcement officers. The firearm was test fired and found "capable of ejecting a projectile." After hearing this statement of facts, the court ordered a presentence investigation and had appellant signed a written plea of guilty.
 {¶ 5} On the morning of appellant's sentencing hearing, he filed a motion to withdraw his guilty plea. The motion did not set forth any rationale for the requested withdrawal of his plea. At the inception of the sentencing hearing, appellant's trial counsel explained that appellant wanted to withdraw his plea because, after entering his guilty plea, he was remanded without bond. Appellant claimed that, pursuant to the terms of his plea agreement, he could be "bonded out." The trial judge reviewed the written plea agreement and informed appellant that there was nothing in that agreement entitling appellant to a bond. Appellant's attorney interposed and stated that his client wanted to withdraw his plea based upon a professed innocence.
 {¶ 6} Appellee argued that, due to the fact that a jury was sworn in and one witness testified before appellant decided to change his plea to guilty, the factual scenario in this cause was different than in most cases in which a defendant seeks to withdraw a guilty plea prior to sentencing. Appellee urged that under the facts of this cause jeopardy "attached;" therefore, the state would be barred from prosecuting appellant under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
 {¶ 7} The trial court denied the Crim.R. 32.1 motion, finding that appellant "did not show a basis for withdrawing the plea." The court then sentenced appellant to five years in prison on the one count of robbery, to be served consecutive to the mandatory three year sentence imposed for the firearm specification. Appellant is also required to serve five years of post release supervision. In its judgment entry on sentencing, the trial court reiterated that appellant's presentence motion to withdraw his guilty plea was denied because he did not offer any basis for withdrawal. Appellant appeals and asserts the following assignments of error:
 {¶ 8} "1. The trial court improperly denied a withdrawal of plea by not complying with proper procedure resulting in judicial abuse of discretion.
 {¶ 9} "2. The trial court was improperly influenced by an unsubstantiated and speculative argument regarding prejudice to the state if the guilty plea were withdrawn."
 {¶ 10} In his first assignment of error, appellant contends that the trial court erred by failing to hold a full hearing on his motion to withdraw his guilty plea.
 {¶ 11} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; * * *." A motion to withdraw a guilty plea must be freely allowed and treated with liberality; however, the right to withdraw a plea is not absolute. State v. Xie (1992),62 Ohio St.3d 521, paragraph one of the syllabus. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. at 527. An abuse of discretion is more than an error of law or judgment, "`we must find that the trial court's ruling was unreasonable, arbitrary or unconscionable.'" Id., quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 12} A reviewing court may examine a number of factors in resolving whether the trial court abused its discretion in refusing to grant a presentence motion to withdraw a guilty plea. These factors include whether the accused was represented by highly competent counsel, whether he was afforded a full Crim.R. 11 hearing prior to entering the plea, whether he was given a complete and impartial hearing on the motion to withdraw, and whether the trial court fully and fairly considered the withdrawal request. State v. Heidelburg, 6th Dist. No. S-05-018, 2006-Ohio-1979, at ¶ 12 (citation omitted).
 {¶ 13} A trial court may deny a request to withdraw a guilty plea without conducting an evidentiary hearing when the defendant fails to submit sufficient evidentiary materials and the record demonstrates the defendant is not entitled to relief. See Statev. Flannigan (Apr. 10, 1996), 4th Dist. No. 95-CA-499 (citations omitted). Specifically, a defendant's claims of innocence are not sufficient, absent any offer of evidence to support this claim, to warrant withdrawal of a plea knowingly entered. State v.Powers, 4th Dist. No. 03CA21, 2004-Ohio-2720, at ¶ 18 (citations omitted). A change of heart or mistaken belief about his guilty plea does not constitute a basis that requires a court to permit a defendant to withdraw his guilty plea. State v. Lambros
(1988), 44 Ohio App.3d 102, 103,
 {¶ 14} As applied to the instant case, appellant failed to offer any evidentiary basis for his claim of innocence, and it must therefore be deemed merely a change of heart. Furthermore, the record establishes that appellant mistakenly believed that the plea agreement contained a term that would allow him to "bond out" of jail prior to sentencing. Moreover, the record of this cause reveals that appellant's counsel appears to be highly competent, that appellant was given a full Crim.R.11 hearing prior to entering his guilty plea, that he was provided with an impartial hearing on the two alleged bases for the motion to withdraw, and that the trial court fully and fairly considered his motion to withdraw his plea. For these reasons, we conclude that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea, and appellant's first assignment of error is found not well-taken.
 {¶ 15} In his second assignment of error, appellant asserts that the trial court erred in allowing appellee to speculate with regard to the attachment of jeopardy and concomitant potential prejudice to the state. The sentencing transcript in the case sub judice discloses that although appellee raised the issue of double jeopardy, the trial court never addressed this issue. The court simply held, both in the hearing and in its journal entry on sentencing, that appellant failed to offer any basis for his motion to withdraw his guilty plea. Because a court speaks only through its journal entry, State ex rel. Geauga Cty. Bd. ofCommrs. v. Mulligan, 100 Ohio St.3d 366, 2003-Ohio-6608, at ¶20, error, if any, in allowing the prosecution to raise the question of jeopardy did not prejudice appellant. See Civ.R. 52(A). Appellant's second assignment of error is found not well-taken.
 {¶ 16} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., concur.