JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-Defendant Thomas Nicholson ("Appellant") appeals from his guilty plea to two counts of rape, one count of kidnapping, one count of aggravated robbery and one count of aggravated burglary. For the reasons set forth below, we affirm.
 {¶ 2} On April 29, 2002, Appellant was indicted on sixteen counts, which included rape, aggravated robbery, and aggravated burglary with firearm specifications. On the day of the scheduled trial, Appellant and the state notified the trial court that each had agreed to a plea agreement.
 {¶ 3} The trial court held a plea hearing where it engaged in a colloquy with the Appellant. At the hearing, the Appellant indicated that he understood all of his constitutional rights and that he would be waiving those rights by pleading guilty. Included in those rights, the trial court informed the Appellant that "you have a right to subpoena witnesses into court to testify." Appellant also indicated that he understood the penalties associated with his plea and stated that he was not threatened or coerced in any way in regards to his pleading guilty. Additionally, Appellant stated that he was satisfied with the representation of his trial counsel.
 {¶ 4} After Appellant indicated the plea was being made of his own free will, the Appellant pled guilty to two counts of rape with firearm specifications, one count of kidnapping with a firearm specification, and two counts of aggravated robbery with firearm specifications. In exchange for the Appellant's guilty plea, the state nolled the remaining eleven counts in the indictment. The trial court accepted the plea and scheduled a sentencing hearing for November 18, 2002.
 {¶ 5} At the sentencing hearing, the Appellant made an oral motion to withdraw his guilty plea. The trial court denied this motion without any hearing and sentenced Appellant to a three year prison term on all firearm specifications, to be served prior to and consecutively to four years as to each of counts 1, 4, 5, 11, 16 on underlying charges, counts to run consecutively to each other. Additionally, the trial court held a sexual predator hearing in which the Appellant was classified as a sexual predator and informed of registration requirements.
 {¶ 6} Appellant filed a motion for delayed appeal and in State v.Nicholson, Cuyahoga App. No. 82825, 2004-Ohio-2394, ("Nicholson I"), Appellant first appealed to this court asserting two assignments of error. First, he claimed that the trial court erred when it refused to hold a hearing concerning the Appellant's request to withdraw his guilty plea. He also alleged that trial counsel failed to provide effective assistance of counsel by failing to appeal the trial court's refusal to hold a hearing concerning the motion to withdraw a guilty plea. We concluded that the trial court erred by failing to hold a hearing on Appellant's motion to withdraw his guilty plea. Additionally, we found that, because the first assignment of error was dispositive of the case, the second assignment of error was moot. Therefore, we vacated the trial court's denial of Appellant's motion to withdraw his plea and reversed and remanded the case to the trial court for a hearing.
 {¶ 7} On remand, the trial court held a hearing on the motion to withdraw the guilty plea. After the Appellant's trial counsel testified, as well as the Appellant on his own behalf, the trial court denied Appellant's motion to withdraw the guilty plea.
 {¶ 8} Appellant now appeals and submits four assignments of error for our review. In the interests of convenience, we will initially address Appellant's first, third and fourth assignments or error together.
 {¶ 9} Appellant's first assignment of error states:
 {¶ 10} "The trial court erred when it failed to strictly comply with Crim.R. 11(C) by failing to properly advise Appellant of his right of compulsory process of witness."
 {¶ 11} Appellant's third assignment of error states:
 {¶ 12} "The trial court erred by ordering consecutive sentences without making the appropriate findings."
 {¶ 13} Appellant's fourth assignment of error states:
 {¶ 14} "The trial court erred in sentencing Appellant to more than the minimum prison sentence when he had not previously served a prison term."
 {¶ 15} Res judicata prevents consideration regarding Appellant's first, third and fourth assignments of error, as these claims were not raised on direct appeal. See State v. Brown, Cuyahoga App. No. 84322,2004-Ohio-6421; State v. Rodriguez, Cuyahoga App. No. 84161,2004-Ohio-6010. As we expressed in Rodriguez, "any issue which was raised or which could have been raised at trial or on direct appeal may not be relitigated at a later date." Id., citing State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104; State v. Cole (1982), 2 Ohio St.3d 112,443 N.E.2d 169. See, also, State v. Gillard, 78 Ohio St.3d 548, 549,1997-Ohio-183, 679 N.E.2d 276 (on appeal after remand, "new issues" are barred by res judicata).
 {¶ 16} In State v. Nicholson, Cuyahoga App. No. 82825, 2004-Ohio-2394, ("Nicholson I"), Appellant first appealed to this court asserting two assignments of error. First, he claimed that the trial court erred when it refused to hold a hearing concerning the Appellant's request to withdraw his guilty plea. He also alleged that trial counsel failed to provide effective assistance of counsel by failing to appeal the trial court's refusal to hold a hearing concerning the motion to withdraw a guilty plea. We found that the trial court erred by failing to hold a hearing on Appellant's motion to withdraw his guilty plea. Additionally, we found that, because the first assignment of error was dispositive of the case, the second assignment of error was moot. Therefore, we vacated the trial court's denial of Appellant's motion to withdraw his plea and reversed and remanded the case to the trial court for a hearing.
 {¶ 17} At the time of Appellant's appeal in Nicholson I, the trial court had already engaged in a colloquy with Appellant as required by Crim.R. 11 and had already sentenced the Appellant. Accordingly, inNicholson I, Appellant could have raised the issues he now raises regarding the trial court's failure to adequately advise Appellant of his right to compulsory process and the imposition of consecutive and nonminimum sentences. Appellant, however, failed to object to the trial court's actions regarding these issues in Nicholson I. Therefore, Appellant is precluded from now raising these issues on this appeal. Accordingly, Appellant's first,[1] third[2] and fourth[3]
assignments of error are without merit.
 {¶ 18} Appellant's second assignment of error states:
 {¶ 19} "The trial court erred in not granting Appellant's motion to withdraw plea."
 {¶ 20} Appellant maintains that the trial court erred in denying his motion to withdraw his guilty plea. Crim.R. 32.1, which governs the withdrawal of guilty pleas, provides:
 {¶ 21} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 22} In State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, the Ohio Supreme Court explained the mandates of Crim.R. 32.1 as follows:
 {¶ 23} "The rule requires a defendant to show that the proceeding during which he entered that plea was extraordinarily and fundamentally flawed. [A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
 {¶ 24} The decision to grant or deny such motion is entirely within the trial court's discretion. Accordingly, we will not alter a trial court's decision absent a showing of an abuse of discretion. Xie, supra;State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, at syllabus. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. (Citations omitted.)
 {¶ 25} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012, citing Peterseim, supra.
 {¶ 26} In the case sub judice, Appellant's attorney was present when he entered his plea on October 16, 2002. Additionally, it is clear from the record that the trial court adhered to the requirements of Crim.R. 11(C). The transcript demonstrates that Appellant understood what he was doing; he denied there were any threats or promises made to induce his plea; and he understood the constitutional rights he was waiving.
 {¶ 27} Nevertheless, just before sentencing, Appellant moved to withdraw his guilty plea, which was denied by the trial court without a hearing. After this court, in Nicholson I, remanded the case to the trial court to hold a hearing, Appellant, with his attorney, was given the opportunity to explain the basis for moving to withdraw his plea. In support of his motion, Appellant presented the testimony of his trial counsel, as well as his own testimony. After hearing all the relevant testimony, the trial court weighed the evidence and was satisfied that the plea was voluntarily entered and that the Appellant was not coerced or threatened in any way into entering a guilty plea. Therefore, the court denied the Appellant's motion.
 {¶ 28} The record demonstrates that the trial court complied with the mandates of Crim.R. 11(C) and determined that Appellant had failed to produce sufficient evidence that he had a reasonable and legitimate basis for the withdrawal of his plea. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." State v. Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012, citing State v. Lambros (1988),44 Ohio App.3d 102, 103, 541 N.E.2d 632. Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and McMonagle, J., Concur.
[1] While Appellant's first assignment of error is barred by res judicata, were we required to review the claim, we would still find that the trial court was correct in determining that the Appellant was sufficiently informed of his right to compulsory process. In explaining a defendant's right to compulsory process, it is sufficient for the trial court to state that the defendant has the right to subpoena witnesses.State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586; State v. Huff
(May 8, 1997), Cuyahoga App. No. 70996; State v. Lelux (March 4, 1997), Franklin App. No. 96APA08-1018.
[2] While Appellant's third assignment of error is barred by res judicata, had we reached the issue on its merits, we would still have affirmed the trial court's imposition of consecutive sentences upon the Appellant. The trial court found that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that the harm was so great that no single sentence would suffice to reflect the seriousness of Appellant's conduct.
[3] While Appellant's fourth assignment of error is barred by res judicata, were we required to review the claim, we would still have affirmed the trial court's imposition of the non-minimum sentence upon the Appellant. Appellant's argument that his sentence violates the U.S. Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403, has been addressed in this court's en banc decision of State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729. In Lett, we held that R.C. 2929.14(B), which governs the imposition of non-minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we would also reject Appellant's contention and overrule his fourth assignment of error.