JOURNAL ENTRY AND OPINION
{¶ 1} Thomas Nicholson, pursuant to App.R. 26(B) and Statev. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, has applied to reopen this court's judgment in State v. Nicholson,
Cuyahoga App. No. 82825, 2004-Ohio-2394, which reversed and remanded for a hearing on his motion to withdraw his guilty plea.[1] For the following reasons, this court denies the application sua sponte.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case this court journalized its decision on May 24, 2004, and Nicholson filed his application on May 22, 2006. Thus, it is untimely on its face. In an effort to establish good cause, Nicholson argues that his appellate attorneys did not advise him correctly and did not raise "dead bang winners" which he recognized. Specifically, he asked his appellate counsel in Case No. 82825 to argue: (1) the trial court erred in imposing more than the minimum sentence and in imposing consecutive sentences, (2) there was insufficient evidence to establish that he is a sexual predator, and (3) his guilty plea was involuntarily made because the trial judge said he could face up to five years of post-release control, instead of saying he would have post-release control. Moreover, after the trial court heard and denied his motion to withdraw the guilty plea, new appellate counsel in September 2004, advised Nicholson not to file an App.R. 26(B) application to reopen, but instead raised the sentencing issues in the next appeal, State v. Nicholson,
Cuyahoga App. No. 85201, 2005-Ohio-4670.[2]
 {¶ 3} However, these excuses do not establish good cause for untimely filing an application to reopen. In State v. White
(Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991),75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 4} Moreover, the Supreme Court of Ohio in State v.Lamar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, andState v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principles that lack of effort or imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. Thus, Nicholson's reliance on counsel does not state good cause.[3]
 {¶ 5} Accordingly, this application is properly dismissed as untimely.
Karpinski, P.J., concurs Gallagher, J., concurs
[1] Nicholson pleaded guilty to two counts of rape, two counts of aggravated robbery, and one count of kidnapping, all with firearm specifications. The state then nolled eleven other counts. The trial court sentenced him to four years consecutive on each count consecutive to the three-year firearm specification.
[2] This court overruled the sentencing assignments of error on res judicata grounds, but then added they were not persuasive on the merits.
[3] It is difficult to consider appellate counsel ineffective, when his strategy successfully identified a reversible error and obtained a remand for a hearing which could have led to a new trial. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308.