[Cite as *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-1966.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 95777

---

# STATE OF OHIO, EX REL., WILEY DAVIS

### RELATOR

### vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS, ET AL.

### RESPONDENTS

---

**JUDGMENT:**
## WRITS GRANTED

---

Writs of Mandamus and Procedendo
Motion No. 438599
Order No. 443709

**RELEASED DATE:**    April 15, 2011

**FOR RELATOR**

Wiley Davis, Jr., Pro Se

Inmate No. 263-009
Mansfield Correctional Institution
P. O. Box 788
Mansfield, Ohio 44901


**FOR RESPONDENTS**
Judge Deena R. Calabrese
Cuyahoga County Common Pleas Court

William D. Mason
Cuyahoga County Prosecutor

James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶ 1} On September 27, 2010, the relator, Wiley Davis, commenced this mandamus

and/or procedendo action against the respondents, the Cuyahoga County Common Pleas Court

and Judge Deena Calabrese, to compel the respondents to issue a final, appealable order in the

–3–

underlying case, *State of Ohio v. Wiley Davis*, Cuyahoga County Common Pleas Court Case No. CR-275129. On October 21, 2010, the respondents moved for summary judgment on the grounds of procedural defects and no clear, legal right to the requested relief. On November 5, 2010, Davis filed a brief in opposition. For the following reasons, this court denies the respondent's motion for summary judgment and issues the writs of mandamus and procedendo to compel the respondent trial judge to issue a final, appealable order, pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 2} In the underlying case in May 1992, a jury convicted Davis of two counts of aggravated murder with three felony-murder specifications and a three-year firearm specification, as well as for counts of kidnaping and aggravated robbery with three-year firearm specifications. After the jury recommended the death penalty for the aggravated murder charges, the trial court on June 1, 1992, imposed the death penalty for those charges, and 15 to 25 years consecutively for the kidnaping and aggravated robbery charges, as well as three years for the firearm specifications.

{¶ 3} In *Davis v. Mitchell* (C.A. 6, 2003), 318 F.3d 682, the United States Court of Appeals for the Sixth Circuit granted Davis habeas corpus relief by ruling that the trial court had given the jury unconstitutional unanimity instructions during the sentencing phase of the trial. The Sixth Circuit ordered that a writ of habeas corpus should issue unless the State of

Ohio conducted a new penalty phase proceeding within 180 days of remand.

{¶ 4} In early December 2004, the trial court issued a journal entry which provided in pertinent part as follows: "Re-sentencing hearing held 12/08/2004. Pursuant to the order of federal court, parties agree to 30 years actual to life plus 3 years actual on firearm specification on Count 1 to run consecutive to counts 3 and 4. All other conditions of original sentence remain." This entry did not reiterate the charges on which Davis was convicted, the means of conviction, or the sentences for the other offenses.[1]

{¶ 5} In *State v Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Supreme Court of Ohio ruled: "A judgment of conviction is a final, appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry of the journal by the clerk of court." Syllabus. Furthermore, if the judgment of conviction is not in final, appealable order form, then mandamus or procedendo is the proper remedy to compel the trial court to issue a final, appealable order. *State ex rel. Culgan v. Medina County Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d

---

[1] Since the trial court issued this entry, Davis has tried to appeal three times. In Case No. 85675, this court dismissed for failure to file a praecipe. In Case No. 86469, this court denied his motion for a delayed appeal, and in Case No. 87648 this court dismissed the appeal for failure to file a record.

805.

{¶ 6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Although mandamus should be used with caution, the court has discretion in issuing it. *State ex rel. Pressley v. Industrial Commission of Ohio* (1967), 11 Ohio St.2d 141, 28 N.E.2d 631, paragraph seven of the syllabus; *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; *State ex rel. Dollison v. Reddy* (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and *State ex rel. Mettler v. Commissioners of Athens County* (1941), 139 Ohio St. 86, 38 N.E.2d 393.

{¶ 7} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie County Sheriff's Department* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth District Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Utley v. Abruzzo* (1985), 17 Ohio St.3d 202, 478 N.E.2d 789 and *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324.

{¶ 8}   In the present case, the December 2004 sentencing entry does not comply with *Baker* and Crim.R. 32.   It does not state the means of conviction for any of the counts, and it specifies the sentence only for count 1.     The respondents have the clear, legal duty to issue a final judgment of conviction, which must be compliant with *Baker* and Crim.R. 32, and a criminal defendant has the clear legal right to such a judgment.   As shown by *Culgan*, there is no adequate remedy at law; the Supreme Court of Ohio implicitly rejected the principle that a motion for resentencing was an adequate remedy.

{¶ 9}   Accordingly, the court issues the writs of mandamus and procedendo and orders the respondents to issue a final, appealable order in the underlying case which removes the various jurisdictional impediments under Crim.R. 32, and *Baker.*

{¶ 10} The respondents's reliance on *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9 is misplaced.   *In Ketterer* the Supreme Court of Ohio held that in death penalty cases the final, appealable order consists of both the sentencing opinion filed pursuant to R.C. 2929.03(F) and the judgment of conviction filed pursuant to Crim.R. 32(C).   So long as all the elements required by *Baker* are in those two orders, a final, appealable order is presented.   However, as of December 2004, this case was no longer a capital case, and *Ketterer* no longer applies.   This underscores the need for having a judgment of conviction fully compliant with Crim.R. 32(C).

{¶ 11} The respondents also argue that the Court of Common Pleas is not a proper party. The Supreme Court of Ohio implicitly rejected this argument in *Culgan*, when it granted the writs of mandamus and procedendo to compel the appellees, which were the trial court judge and the Medina County Court of Common Pleas, to issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final, appealable order.

{¶ 12} The respondents raise the issue of pleading deficiencies. In weighing the possible defects in Davis's pleadings against the deficiencies in the December 2004 order, the court decides to grant the writs. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 297 N.E.2d 113.

{¶ 13} Accordingly, the court issues the writs of mandamus and precedendo and orders the respondents to issue a final, appealable order in the underlying case which removes the various jurisdictional impediments under Crim.R. 32, and *Baker.* Each side to bear its own costs. The court directs the Clerk of the Eighth District Court of Appeals to serve notice of this judgment and its date of entry upon the journal upon all the parties. Civ.R. 59(B).

Writs granted.

_____

PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR