[Cite as *State v. Davis*, 2012-Ohio-1635.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96908

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILEY DAVIS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-275129

**BEFORE:** Kilbane, J., Rocco, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** April 12, 2012

**APPELLANT**

Wiley Davis, Jr., pro se
Inmate No. 263-009
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Wiley Davis ("Davis"), pro se, appeals from the trial court's judgment entry sentencing him for aggravated murder, kidnapping, and aggravated robbery. Finding no merit to the appeal, we affirm.

{¶2} The facts of this case were previously set forth by this court in *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 95777, 2011-Ohio-1966, in which we stated:

> [I]n May 1992, a jury convicted Davis of two counts of aggravated murder with three felony-murder specifications and a three-year firearm specification, as well as [four] counts of [kidnapping] and aggravated robbery with three-year firearm specifications. After the jury recommended the death penalty for the aggravated murder charges, the trial court on June 1, 1992, imposed the death penalty for those charges, and 15 to 25 years consecutively for the kidnapping and aggravated robbery charges, as well as three years for the firearm specifications.
>
> In *Davis v. Mitchell* (C.A.6, 2003), 318 F.3d 682, the United States Court of Appeals for the Sixth Circuit granted Davis habeas corpus relief by ruling that the trial court had given the jury unconstitutional unanimity instructions during the sentencing phase of the trial. The Sixth Circuit ordered that a writ of habeas corpus should issue unless the State of Ohio conducted a new penalty phase proceeding within 180 days of remand.
>
> In early December 2004, the trial court issued a journal entry which provided in pertinent part as follows: "Re-sentencing hearing held 12/08/2004. Pursuant to the order of federal court, parties agree to 30 years actual to life plus 3 years actual on firearm specification on Count 1 to run consecutive to Counts 3 and 4. All other conditions of original sentence remain." This entry did not reiterate the charges on which Davis was convicted, the means of conviction, or the sentences for the other offenses. *Id.* at ¶ 2-4.[1]

---

[1]Since the trial court issued this entry, Davis has appealed three other times. In *State v. Davis*, 8th Dist. No. 85675, this court dismissed for failure to file a praecipe. In *State v. Davis*, 8th Dist. No. 86469, this court denied his motion for a

**{¶3}** In *State ex rel. Davis,* we relied on *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and found that

> the December 2004 sentencing entry does not comply with *Baker* and Crim.R. 32. It does not state the means of conviction for any of the counts, and it specifies the sentence only for [C]ount 1. The [State of Ohio and the trial judge] have the clear, legal duty to issue a final judgment of conviction, which must be compliant with *Baker* and Crim.R. 32, and a criminal defendant has the clear legal right to such a judgment.
>
> * * *
>
> Accordingly, [this] court issues the writs of mandamus and procedendo and orders the [State of Ohio and the trial judge] to issue a final, appealable order in the underlying case which removes the various jurisdictional impediments under Crim.R. 32, and *Baker*. *Id.* at ¶ 8-9.

**{¶4}** Subsequently, on May 20, 2011, the trial court issued a nunc pro tunc entry for the December 10, 2004 entry, stating:

> By order of the Eighth District Court of Appeals in [*State ex rel. Davis,*] and under authority of *State ex rel. Dewine v. Burge*, 128 Ohio St.3d, 2011-Ohio-235, the following sentencing journal entry is issued nunc pro tunc as if and for the sentencing journal entry of December 10, 2004:
> On a former day[,] a jury found defendant guilty of aggravated murder[,] in violation of R.C. 2903.01(A)[,] with felony murder specifications (specifications one, two and three) and a firearm specification (specification four) in Count 1; of aggravated murder[,] in violation of 2903.01(B)[,] with felony murder specifications (specifications one, two and three) and a firearm specification (specification four) in Count 2; of kidnapping[,] in violation of R.C. 2905.01[,] with a firearm specification (specification one) in Count 3; and of aggravated robbery[,] in violation of R.C. 2911.01[,] with a firearm specification (specification one) in Count 4. On a former day[,] Count 5 and Count 6 were dismissed without prejudice.

---

delayed appeal, and in *State v. Davis*, 8th Dist. No. 87648 this court dismissed the appeal for failure to file a record.

On a former day[,] defendant elected to have the aggravated felony specifications in the indictment tried by this court. The court found defendant guilty of aggravated felony specifications (specifications five and six) in Count 1; of aggravated felony specifications (specifications five and six) in Count 2; of aggravated felony specifications (specifications two and three) in Count 3; and of aggravated felony specifications (specifications two and three) in Count 4.

Resentencing held 12/08/2004 pursuant to the order of the court in [*State ex rel. Davis*] (C.A. 6, 2003), 318 F.3d 682. Parties agree to 30 years actual to life on Count 1 (aggravated murder) plus three years actual on the firearm specification (specification four) in Count 1 to be served prior to and consecutive with the base charge in Count 1. Counts 1 and 2 were merged by order of the court in *State v. Davis*, 76 Ohio St.3d 107, 1996-Ohio-414.

The felony murder specifications based upon committing or attempting to commit rape (specifications three) in Counts 1 and 2 were reversed by order of the court in [*Davis*], 76 Ohio St.3d 107, 1996-Ohio-414.

Defendant also sentenced to fifteen (15) to twenty-five (25) years on each of Counts 3 and 4 to be served concurrently to each other but consecutively to the sentence in Count 1. Firearm specifications in Counts 2 through 4 to merge at sentencing with firearm specification in Count 1.

Defendant to receive credit for all time served.

{¶5} It is from this order that Davis now appeals, raising the following three assignments of error for review.

## ASSIGNMENT OF ERROR ONE

The trial court erred in not vacating Davis'[s] sentence that was not imposed and finalized pursuant to the mandate of the federal court violating Davis'[s] constitutional right to a speedy trial and his right to due process.

## ASSIGNMENT OF ERROR TWO

The trial court erred in not merging Counts 3 and 4 with Counts 1 and 2 as they constitute allied offenses of similar import under R.C. 2941.25(A), therefore [Davis's] constitutional right against double jeopardy has been violated and his sentence is void.

ASSIGNMENT OF ERROR THREE

Because the indictment(s) filed against [Davis] failed to include all elements required to be proven beyond a reasonable doubt to obtain a valid finding of guilt as to Counts 1-4 [, Davis] was denied his liberty interest established by the Ohio Constitution to have a grand jury determine probable cause for each and every element of a charged offense in violation of [his] right to due process as guaranteed by the 14th Amendment to the United States Constitution.

Imposition of Sentence

{¶6} In the first assignment of error, Davis claims that his constitutional right to a speedy trial was violated when the trial court sentenced him outside the 180-day mandate set forth by the Sixth Circuit Court of Appeals in *Davis,* 318 F.3d 682. He claims that he was not resentenced until the nunc pro tunc entry of May 11, 2011, which was more than six years after the federal court deadline.

{¶7} In *Davis*, the Sixth Circuit Court of Appeals mandated that the state of Ohio conduct "a new penalty proceeding within 180 days after remand." *Id.* at 691. Pursuant to this order, the trial court held a resentencing hearing on December 8, 2004, which was within the 180-day time period set by the federal court. At the resentencing hearing, the parties agreed to a sentence of "30 years actual to life plus 3 years actual on firearm specification on Count 1 to run consecutive to Counts 3 and 4." The trial court did not change any other conditions of Davis's original sentence. By resentencing Davis in December 2004, we find that the trial court complied with the Sixth Circuit's mandate in *Davis*.

{¶8} Davis further argues that the trial court violated Crim.R. 32(A) by failing to

sentence him within a reasonable time. This court, however, has previously found that Crim.R. 32(A) does not apply in cases where an offender must be resentenced. *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶ 8; *State v. King*, 8th Dist. No. 95233, 2011-Ohio-1079, ¶ 7. "'This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender.'" *King* at ¶ 7, quoting *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, ¶ 19. Again, in the instant case, the trial court imposed Davis's sentence within 180 days from the federal court's mandate. As such, there was no delay.

{¶9} Accordingly, the first assignment of error is overruled.

### Merger

{¶10} In the second assignment of error, Davis challenges his sentence, claiming that his convictions for kidnapping and aggravated robbery (Counts 3 and 4) should have merged with his convictions for aggravated murder (Counts 1 and 2).

{¶11} However, under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17.

**{¶12}** As we recently stated in *State v. Flagg*, 8th Dist. Nos. 95958 and 95986, 2011-Ohio-5386:

> This court has consistently held that "the time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing." *State v. Poole*, Cuyahoga App. No. 94759, 2011-Ohio-716, at ¶ 13; *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927, at ¶ 8; *State v. Ballou*, Cuyahoga App. No. 95733, 2011-Ohio-2925.
>
> 'The issue of whether two offenses constitute allied offenses of similar import subject to merger has been recognized as an issue that is required to be raised on direct appeal from a conviction, or else res judicata will bar a subsequent attempt to raise the issue.' *State v. Goldsmith*, Cuyahoga App. No. 95073, 2011-Ohio-840, at ¶ 6, citing *State v. Abuhilwa*, Summit App. No. 25300, 2010-Ohio-5997; *State v. Rodriquez*, Cuyahoga App. No. 95055, 2010-Ohio-4902.
>
> In the present instance, the proper avenue for appellant's merger challenge would have been in his earlier appeal. Therefore, we find appellant's first assignment of error to be res judicata. *Id*. at ¶ 7-9.

**{¶13}** Likewise, in the instant case, Davis brought a direct appeal from his convictions, appealed the denial of petition for postconviction relief, and appealed to the Ohio Supreme Court and the Sixth Circuit Court of Appeals arguing various errors, but failed to raise the allied offense argument he now presents. The proper avenue for Davis's merger challenge would have been in his earlier appeals.

**{¶14}** Thus, we find that Davis's second assignment of error is barred by res judicata.

## Indictment

**{¶15}** In the third assignment of error, Davis argues that the indictment failed to

set forth essential elements of the offenses for which he was convicted. Davis's argument, however, is also barred by res judicata.

{¶16} As previously stated, under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d 104. This is Davis's sixth appeal, but this is the first time he raises the indictment issue he now presents. The proper avenue for Davis's challenge would have been in his earlier appeals.

{¶17} Therefore, we find that Davis's third assignment of error is barred by res judicata.

{¶18} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.


It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
JAMES J. SWEENEY, J., CONCUR