[Cite as *State v. Nicholson*, 2014-Ohio-607.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100026**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS NICHOLSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-422675

**BEFORE:** McCormack, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**FOR APPELLANT**

Thomas Nicholson, pro se
Inmate #440-566
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mary H. McGrath
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Thomas Nicholson, appeals the trial court's denial of his motion to correct illegal sentence pursuant to void judgment. For the following reasons, we affirm.

### Factual and Procedural History[1]

**{¶2}** In 2002, Nicholson pleaded guilty to aggravated burglary, kidnapping, two counts of rape, and aggravated robbery. All counts contained firearm specifications. Nicholson filed a motion to withdraw the plea, which was denied. The trial court found Nicholson guilty and sentenced him to an aggregate 23 years in prison. Nicholson appealed the trial court's denial of his motion to withdraw the plea. On appeal, this court found the trial court erred in denying Nicholson's motion to withdraw his guilty plea without first holding a hearing on the motion and remanded to the trial court for a hearing on the motion. *See State v. Nicholson*, 8th Dist. Cuyahoga No. 82825, 2004-Ohio-2394 ("*Nicholson I*").

**{¶3}** On remand, the trial court held a hearing on Nicholson's motion to withdraw the plea. It denied his request and "reinstated" Nicholson's sentence. Nicholson filed his second appeal, claiming sentencing irregularities and the trial court erred in denying his request to withdraw his plea once again. On appeal, this court found

---

[1] For a more detailed recitation of the facts, consult this court's opinion in *State v. Nicholson*, 8th Dist. Cuyahoga No. 92498, 2009-Ohio-5004 ("*Nicholson IV*").

Nicholson's claims were barred by res judicata. *See State v. Nicholson*, 8th Dist. Cuyahoga No. 85201, 2005-Ohio-4670 ("*Nicholson II*").

{¶4} In 2006, Nicholson applied to reopen his initial appeal. This court denied his application as untimely. *See State v. Nicholson*, 8th Dist. Cuyahoga No. 82825, 2006-Ohio-3020 ("*Nicholson III*").

{¶5} In 2008, Nicholson filed pro se motions to withdraw his guilty plea, vacate his "void judgment of conviction," and vacate his "void sentence." This time, Nicholson argued that the trial court failed to advise him of postrelease control and that certain convictions should have merged for purposes of sentencing. The trial court denied his motions and resentenced Nicholson to the same sentence. Nicholson appealed the trial court's decision, raising one assignment of error in which he argued that the trial court erred in failing to allow him to withdraw his original 2002 guilty plea. We determined, once again, that Nicholson's claims were barred by res judicata:

> In this case, Nicholson has already appealed the trial court's denial of his motion to withdraw his guilty plea; we affirmed the lower court's decision in *Nicholson II*. Thus, the trial court had no jurisdiction to permit Nicholson to withdraw his plea thereafter and this court cannot now review the trial court's denial of Nicholson's motion to withdraw his plea because his claim is barred by res judicata.

(Citation omitted.) *Nicholson IV* at ¶ 12.

{¶6} On May 17, 2013, Nicholson filed a pro se motion to correct his "illegal sentence pursuant to void judgment," which was denied by the trial court on May 31, 2013, as being barred by res judicata. Nicholson now appeals pro se his sentence, assigning two assignments of error for our review.

## Assignments of Error

I. The Clerk of Cuyahoga County Common Pleas Court routinely fails to place a time stamp showing journalization by the clerk of court on the entry as required by Crim.R. 32(C).

II. When a trial court erroneously fails to inform defendant during the plea colloquy that he could be convicted of and sentenced to consecutive sentences that are allied offenses of similar import[, t]he trial court failed to inform[] of the maximum penalty component of Crim.R. 11(C)(2)[a].

## Analysis

{¶7} In his first assignment of error, Nicholson contends that the clerk of court's "received for filing" notation fails to comply with Crim.R. 32(C). We disagree.

{¶8} Crim.R. 32(C) provides that a judgment of conviction "shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." A judgment of conviction is a final, appealable order under R.C. 2505.02 when it sets forth (1) the fact of conviction; (2) the sentence; (3) the signature of the judge; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified).

{¶9} This court recently considered the same issue where a sentencing entry contained the "received for filing" mark. We found that, where the docket entry reflected that the judgment of conviction was "filed" and the sentencing entry had a time stamp of "received for filing," the time stamps complied with the requirement set forth in

Crim.R. 32(C) and they were sufficient to afford notice that the documents were entered on the trial court's journal by the clerk. *State v. Smith*, 8th Dist. Cuyahoga No. 99428, 2013-Ohio-3154, ¶ 10. Likewise, in this case, the sentencing entry indicates that it was "received for filing" on November 27, 2002, and the docket entry indicates that the judgment was "filed" on November 27, 2002. Nicholson's claim must therefore fail.

{¶10} Moreover, Nicholson's claim is barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Therefore, any issue that could have been raised on direct appeal and was not is res judicata and therefore not subject to review in subsequent proceedings. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Because Nicholson's claim that the clerk's "received for filing" stamp was insufficient for purposes of Crim.R. 32(C) could have been raised on direct appeal, he is precluded from making this argument now. *See State v. Cottrell*, 8th Dist. Cuyahoga No. 97629, 2012-Ohio 2634.

{¶11} For these same reasons, Nicholson's second assignment of error must also fail. In his second assignment of error, Nicholson contends that the trial court erred in failing to advise him of the maximum penalty involved under Crim.R. 11(C)(2)(a).

Specifically, he contends that the trial court did not adequately inform him that he could receive consecutive sentences "that are allied offenses of similar import." The doctrine of res judicata, however, precludes Nicholson from raising the claim that he was not informed of the maximum penalties associated with his guilty plea in a postconviction proceeding. *See State v. Eggleton*, 8th Dist. Cuyahoga Nos. 63390 and 63391, 1994 Ohio App. LEXIS 237, *11 (Jan. 27, 1994).

{¶12} To the extent that Nicholson is claiming that the trial court erred in failing to merge allied offenses of similar import, this argument also fails. We have previously held that a defendant must raise on direct appeal the issue of whether two offenses constitute allied offenses of similar import subject to merger. *State v. Hough*, 8th Dist. Cuyahoga Nos. 98480 and 98482, 2013-Ohio-1543, ¶ 30. "If the defendant does not raise the issue on direct appeal and then attempts to raise the issue in a postconviction motion, res judicata applies." *Id.*, citing *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 6. Here, Nicholson could have raised the issue of merger on direct appeal, where he appealed the trial court's denial of his motion to withdraw his plea. *See Nicholson I*. Rather, he is now raising this issue for the first time upon appeal of the trial court's denial of Nicholson's motion to correct his sentence. Res judicata applies. We find, therefore, that the trial court did not err in denying Nicholson's motion to correct his sentence.

{¶13} Nicholson's first and second assignments of error are overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR