[Cite as *State v. Fulford*, 2014-Ohio-3503.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100878

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS FULFORD

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-573806-A and CR-13-573807-A

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 14, 2014

**FOR APPELLANT**

Dennis Fulford, pro se
Inmate No. 641-168
P.O. Box 57
Marion Correctional Institution
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: John F. Hirschauer
Katherine Mullin
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Dennis Fulford appeals pro se the trial court's denial of his motion to set aside his sentence and assigns the following error for our review:

> The trial court failed to make the statutory required determination of allied offenses prior to sentencing.

**{¶2}** Having reviewed the record and pertinent law, we affirm Fulford's sentence. The apposite facts follow.

**{¶3}** Fulford was charged in two separate cases. In CR-13-573806-A, he was indicted for one count each for breaking and entering, vandalism, and petty theft. He was also indicted for two counts of receiving stolen property. In CR-13-573807-A, Fulford was indicted for one count each for breaking and entering, criminal damaging or endangering, and theft. In addition, Fulford was serving a six-year sentence in CR-13-570001, which was separate from the other two cases.

**{¶4}** On July 5, 2012, Fulford entered a plea in both cases. In CR-13-573806-A, Fulford pled guilty to one count each for breaking and entering, vandalism, and receiving stolen property. The remaining counts were nolled. He was sentenced to nine months on each count to run concurrent to each other but consecutive to the six-year sentence imposed in CR-13-570001.

**{¶5}** In CR-13-573807-A, Fulford pled guilty to breaking and entering and criminal damaging. The theft count was nolled. The trial court sentenced Fulford to nine months for breaking and entering and 90 days for criminal damaging, to be served concurrently with each other and to the sentence imposed in CR-13-573806-A, but

consecutive to the six-year sentence in CR-13-570001. Fulford did not appeal from his pleas.

{¶6} On December 11, 2013, Fulford filed a pro se motion to set aside his sentence in both CR-13-573806-A and CR-13-573807-A. He argued that the trial court erred by failing to address whether the offenses were allied offenses of similar import. The trial court denied the motion.

## Allied Offenses

{¶7} In his sole assigned error, Fulford argues the trial court erred by denying his motions to set aside his sentence because the court failed to address whether the offenses were allied offenses of similar import.

{¶8} Fulford did not file a direct appeal in either case, and the time to do so expired on August 5, 2013. Where a defendant "[does] not properly raise issues relating to whether the trial court sentenced him on allied offenses of similar import in his first appeal, his motion must be construed as a petition for post-conviction relief." *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 13. Therefore, because Fulford failed to appeal his sentences, his motions to set aside his sentence are construed as petitions for postconviction relief.[1]

{¶9} The doctrine of res judicata is applied in criminal cases to bar further litigation of issues that were previously raised or that could have been raised previously in

---

[1]At the time that Fulford filed his petitions for postconviction relief, only 128 days had expired since the time to file his direct appeals expired. Therefore, his petition was well below the 180-day time limit to file his petitions pursuant to 2953.21(A)(2).

an appeal. *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶ 7, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967).

{¶10} We have previously held that a defendant must raise on direct appeal the issue of whether two offenses constitute allied offenses of similar import subject to merger. If the defendant does not raise the issue on direct appeal and then attempts to raise the issue in a postconviction motion, res judicata applies. *State v. Nichols*, 8th Dist. Cuyahoga No. 10026, 2014-Ohio-607; *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 6; *State v. Collins*, 8th Dist. Cuyahoga No. 97496, 2012-Ohio-3687, ¶ 10-11; *State v. Davis*, 8th Dist. Cuyahoga No. 96908, 2012-Ohio-1635, ¶ 12-13. Fulford is raising this issue for the first time in a postconviction appeal. According to the precedent established in this court, res judicata applies. Thus, the trial court did not err in denying Fulford's motions to set aside his sentences. Accordingly, Fulford's sole assigned error is overruled.

{¶11} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR